# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>Defendants. | **ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:19-cv-00512<br><br>District Judge Clark Waddoups |

As explained below, Defendants are ordered to show cause, on or before March 9, 2021, why this court should not deem their claims of privilege waived.

<u>Background</u>

On September 23, 2020, Defendants served on Plaintiffs' counsel Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. (*See* ECF 77-1 at 24.) Defendants claimed an unidentified privilege as a basis for their objections to Interrogatory No. 3, RFP Nos. 12–16, and possibly RFP No. 10. (*See* ECF No. 77 at 6; 13–19.) On November 24, 2020, Plaintiffs filed a Short-Form Discovery Motion to Compel Discovery Responses. (ECF No. 77.)

On February 8, 2021, the court entered an order granting in part and denying in part Plaintiffs' short-form motion. (ECF No. 83.) The court noted that "Defendants ha[d] objected to RFP Nos. 12–16 on the basis that those requests seek the production of privileged documents or

1

communications." (ECF No. 83 at 4 (citing ECF No. 77-1 at 15–19.) The court further noted that Defendants had not identified "the specific privileges they [were] claim[ing] or any particularized facts from which the court c[ould] determine whether Defendants ha[d] a legitimate basis to assert the privilege." (ECF No. 83 at 4.) Based on the record before the court at that time, it was unclear whether Defendants had provided a privilege log to Plaintiffs that satisfied Federal Rule of Civil Procedure 26(b)(5)(A)'s requirement that Defendants enable Plaintiffs' "to assess" Defendants' claims of privilege. (*See* ECF No. 83 at 5 ("Based on the record before the court, Defendants did not describe the nature of the privileged documents or communications. If the required detail has been provided by the Defendants to the Plaintiffs by a privilege log or otherwise, it has not been provided to the court and the court cannot determine without additional facts whether the objection is well-taken.").)

The court also noted that Defendants, in claiming privilege for Interrogatory No. 3, "did not describe the nature of the privileged documents of communications." (ECF No. 83 at 7.) And the court noted that Defendants may have been claiming privilege in response to Plaintiffs' Request for Production No. 10. (*See* ECF No. 83.) The court ordered Defendants to "file a submission that addresses how they have complied with Fed. R. Civ. P. 26(b)(5)(A)." (ECF No. 83 at 14.)

On February 19, 2021, Defendants filed their Submission in Response to Court Order Dated February 5, 2021. (ECF No. 85.) Defendants purportedly "present[ed] this submission describing [their] compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and the Order." (ECF No. 85 at 2.) Defendants' submission made no attempt to demonstrate how their September 2020 Response to Plaintiffs' Interrogatories and Requests for Production satisfied Rule 26(b)(5)(A). (*See* ECF No. 85 at 2.) Instead, Defendants attempted to argue that

their Supplemental Responses, served on Plaintiffs' counsel on February 19, 2021, satisfied Rule 26(b)(5)(A). (*See* ECF No. 85 at 2 *see also* ECF No. 85-1 at 16.) Defendants submission made clear that they had not provided a privilege log to Plaintiffs in September of 2020 when they served their Objections to Plaintiffs' Interrogatories and Requests for Production. (*See* ECF No. 85 at 2 ("In further compliance with Rule 26(b)(5)(A), and as noted in Defendants' Supplemental Responses, Defendants **will** provide a privilege log describing the privileges claimed on an individual document level.") (bold added)).

## Analysis

It is well established that "[t]he party seeking to assert a privilege has the burden of establishing its applicability." Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995); *see also In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) ("Of course, a party objecting to discovery on grounds of privilege has the burden to establish the privilege.")). "The Federal Rules of Civil Procedure require a fairly detailed and specific showing to withhold discovery on privilege grounds." *In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-1468-JWL, 2006 WL 8440450, at *3 (D. Kan. Oct. 4, 2006). "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . expressly make the claim; and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i–ii).

"The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log, or by providing an inadequate one, the court may deem the privilege waived." *In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-1468-JWL, 2006 WL

8440450, at *3 (D. Kan. Oct. 4, 2006) (citations omitted). Omitting critical information that would allow for a challenge to a claim of privilege may be viewed as a waiver of privilege. *See Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 66 (E.D.N.Y. 2007) ("Failing to include sufficiently descriptive information may result in waiver of the privilege."). Additionally, a failure to identify the specific privilege claimed may also result in waiver. *See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007) (District Court Judge affirmed Magistrate's holding that a "privilege log was inadequate, on the grounds that the log does not identify which privilege is being asserted (attorney-client or work product) and often [did] not identify the parties to the communication.").) Further, a party's submission of an amended privilege log may be viewed as a concession that its original privilege log was inadequate. *Id.* ("they also correctly point out that Plaintiff's amended privilege log is essentially a concession that the initial privilege log was inadequate, and Plaintiff has not made any arguments to this court as to why the original privilege log was adequate.").

"Of course, minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver" *In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-1468-JWL, 2006 WL 8440450, at *3 (D. Kan. Oct. 4, 2006).

In its February 5, 2021 Order, the court instructed Defendants to "file a submission that addresses how they have complied with Fed. R. Civ. P. 26(b)(5)(A)." (ECF No. 83 at 14.) Defendants made no attempt to argue that their September 2020 Response to Plaintiffs Interrogatories and Request for Documents satisfied that rule. Defendants' claims to privilege may have been waived.

4

5

Order

Defendants are ordered to show cause, on or before March 9, 2021, why this court should not deem their claims of privilege waived.

Dated this 22nd day of February, 2021

**BY THE COURT:**

_____
Honorable Clark Waddoups
United States District Judge