IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND/CORRECT<br><br>Case No. 2:19-cv-00512-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin Pead |

    This matter is before the court on Plaintiffs' Motion to Amend/Correct Complaint.[1] (ECF No. 151.) Plaintiffs seek to add Alder Holdings, LLC as a Defendant. To date there has been no opposition filed to Plaintiffs' motion and the time to do so has passed. *See* DUCivR 7-1. The court will grant the motion.[2]

    In support of their motion Plaintiffs point to various state court actions filed by Defendants and assert under Federal Rule 13 that the claims brought in those actions are compulsory counterclaims. *See* Fed. R. Civ. P. 13(a). In addition, Plaintiffs claim Alder Holdings, LLC should be named as a Defendant with relation back to the original filing date of this action.

---

[1] The case is referred to the undersigned from District Judge Clark Waddoups. (ECF No. 7.)

[2] The court elects to decide the motion on the basis of the written memoranda. *See* DUCivR 7-1.

Rule 15(a)(2), provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). The Supreme Court has stated that

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

Here, the deadline for amendment of the pleadings has not passed. *See* Scheduling Order, p. 5, ECF No. 16. No opposition to Plaintiffs' motion has been filed, and there is nothing before the court indicating undue delay, bad faith or dilatory motive, or undue prejudice to Defendants.

Accordingly, Plaintiffs' Motion to Amend/Correct is GRANTED.

DATED this 9 September 2021.

_____
Dustin B. Pead
United States Magistrate Judge