IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:19-cv-00512-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin Pead |

This matter is before the court on a short form discovery motion. Plaintiffs and Jason Summers "seek a protective order and expedited discovery regarding Defendants' recent efforts to interfere with Mr. Summers' testimony." (ECF No. 146.) As set forth below the court will grant the motion in part.[1]

Mr. Summers was previously Defendant Alder Protection Holdings, LLC's, Chief of Sales Operations. Mr. Summers met with Defendant Adam Schanz in June 2021 to discuss Alder buying "Summers' Incentive Units." (ECF No. 150 p. 2.) These discussions also allegedly included possible changes to Mr. Summers' declaration in exchange for money, and alleged threats. The exact nature of what transpired is disputed, but there is agreement that these conversations were recorded by Mr. Schanz, or others associated with Alder.

---

[1] The case is referred to the undersigned from District Judge Clark Waddoups. (ECF No. 7.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1.

Due to the nature of these conversations, Mr. Summers expresses fear of retaliation for his testimony in this case. Plaintiffs and Mr. Summers request the following relief:

1. A protective order "restraining Defendants from attempting to interfere with witness testimony in this matter." (ECF No. 146 p. 3.) This includes a protective order against Defendants initiating "other civil actions" against Mr. Summers. *Id.*

2. Expedited discovery wherein the court orders Defendants to produce "any recordings of Mr. Schanz's meetings with Mr. Summers", a list of witnesses to the meetings, text messages between Mr. Schanz and any other individuals during the meetings, and any text messages sent to others regarding the meetings. *Id.*

3. A warning that Defendants should not engage in any further witness interference or face sanctions, including up to striking Defendants' pleadings.

4. An award of attorney fees.

In response, Defendants seek to reassure Mr. Summers that "Alder will not pursue any legal claims against [him] in retaliation for his testimony in this case or take any other action in retaliation." (ECF No. 150 p. 2.) Alder does, however, reserve the right to "pursue unrelated claims that it may have against [him] related to his previous engagement with Alder". *Id.* Defendants further represent that "Adam Christian did not monitor the … meeting [or] send … text messages or otherwise communicate" during the meeting. *Id.* Defendants contend there was no attempt to interfere with Mr. Summers' testimony, and since there was no wrongful conduct, expedited discovery is not warranted.

Witness tampering can affect the integrity of the judicial process. Protection of that process is part of the reasoning why congress established a specific statute to address that problem. *See* 18 U.S.C. § 1512, *Tampering with a witness, victim, or an informant*. Generally

witness tampering is more often seen in the criminal law context. *See, e.g, United States v. Washington*, 653 F.3d 1251, 1261 (10th Cir. 2011) (affirming indictment for witness tampering in a murder-for-hire scheme). Yet, there is no reason to find it cannot have a similar affect in civil cases such as this. Accordingly, based on the record before the court at this time, the court finds support to grant Plaintiffs' motion as to production of the recordings. The remaining aspects of Plaintiffs' motion, however, will be denied at this time. Once the recordings are produced Plaintiffs may bring any necessary additional motions if they are supported by the contents of the recordings. For example, if verifiable threats were made, then those may be used as a basis to seek sanctions against Defendants.

## ORDER

Plaintiffs and Mr. Summers' Motion is therefore GRANTED IN PART. Defendants are ORDERED to produce the recordings of all meetings at issue between Mr. Summers and Mr. Schanz within thirty (30) days from the date of this order. It is FURTHER ORDERED that the remaining aspects of the Motion are DENIED at this time.

IT IS SO ORDERED.


DATED this 22 September 2021.

_____
Dustin B. Pead
United States Magistrate Judge