IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ALDER HOLDINGS, LLC, a Utah limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:19-cv-512 CW DBP<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court is Plaintiffs' Ex Parte Motion for Alternative Service of Subpoena to Testify at Deposition. (ECF No. 187.) For the reasons set forth herein the court grants the motion.[1]

  This mater is brought as a "nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and as a class action under Fed. R. Civ. P. 23(b)(3) for violations" of a state and federal law. Compl. p. 2. Shawn Brenchley was the President of Sales for Defendant Alder Protection Holdings, LLC. Mr. Brenchley was allegedly responsible to recruit and oversee Alder's door-to-door sales program. Plaintiffs believe Mr. Brenchley has knowledge relevant to the claims and defenses in this litigation. On February 3, 2022, Plaintiffs served

---

[1] District Judge Clark Waddoups referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 7.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1.

Defendants with a notice of intent to issue a Subpoena to Testify at a Deposition in a Civil Action to Shawn Brenchley (the "Subpoena"), as required under DUCivR 45-1. Defendants did not object to the subpoena.

As set forth in the motion and supporting declarations, Plaintiffs used multiple efforts to serve Mr. Brenchley at his place of work (Lumio) and his residence. These included the use of a constable, a private investigator, numerous attempts at service including in the mornings, evenings, and weekends, and messages left for Mr. Brenchley at his work and residence. Mr. Brenchley has not responded.

The Federal Rules of Civil Procedure provide that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiffs filed their complaint in the District of Utah. Therefore, Utah law is applicable.

Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence ... or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id*. Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

The court finds Plaintiffs have met their burden to make reasonably diligent efforts to serve Mr. Brenchley. There is also good cause to believe Mr. Brenchley is avoiding service based on evidence presented that service was attempted at his home, including when the garage was open, yet no one answered. Plaintiffs propose service via FedEx delivery to Lumio's headquarters where Mr. Brenchley works. The court finds service of the subpoena via FedEx delivery to Mr. Brenchley's work, along with a copy of this order, is reasonably calculated to apprise Mr. Brenchley of the deposition, especially where other Defendants known by Mr. Brenchley are involved in this case.

For these reasons, the court GRANTS Plaintiffs' motion and ORDERS that Mr. Brenchley may be served as follows:

(1) By FedEx delivery of the subpoena, the Complaint, and a copy of this order to Lumio's headquarters in Mr. Brenchley's name.

(2) Upon delivery of the subpoena, the Complaint, and a copy of this order to Lumio's headquarters, service shall be deemed complete, and Plaintiffs shall file proof of compliance with the court's order.

(3) Mr. Brenchley is ORDERED to comply with the subpoena and is notified that acts of avoidance or noncompliance may result in being held in contempt.

DATED this 10 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge