IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART SECOND MOTION TO COMPEL DISCOVERY RESPONSES<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Second Short-Form Discovery Motion to Compel Discovery Responses. (ECF No. 181.) As set forth herein, the court GRANTS the motion in part.

## BACKGROUND

On March 2, 2020, Plaintiffs filed their Amended Collective/Class Action Complaint against Defendants. (ECF No. 41.) After which, Defendants moved to dismiss the Complaint (ECF No. 50.) and on February 5, 2021, the court entered an order denying Defendants' Motion to Dismiss Plaintiffs' class and collective action claims. (ECF No. 82.) Shortly thereafter, on February 8, 2021, the court granted in part and denied in part Plaintiffs' first Motion to Compel Discovery. (ECF No. 83.) The current dispute arises out of that order. Plaintiffs allege Defendants have yet to provide adequate responses to certain requests. Both parties also seek attorney fees pertaining to the instant motion.

## ANALYSIS

Before turning to Plaintiffs' motion the court addresses Plaintiffs' "Supplemental Submission in Support" of its Second Short Form Discovery Motion to Compel. (ECF No. 188.) As noted by Defendants, the Local Rule that governs discovery disputes, DUCivR 37-1, provides: "If the discovery disputes remain after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block." DUCivR 37-1(b) (2021). Any opposition to the motion is also limited to 500 words, and there is no permission to file a reply or "supplemental submission." Rather, upon receiving a discovery motion, the court may elect to "set a hearing", "decide the motion after the opposing party has had an opportunity to respond", or "request additional briefing and set a briefing schedule." *Id.* "Any request for overlength briefing must accompany, and not replace, the substantive argument about the discovery dispute." *Id.*

Here, Plaintiffs filed their "Supplemental Memorandum" without seeking court permission to do so. The Memorandum violates the Local Rules regarding discovery disputes. Accordingly, the court declines to consider it. The court now turns to Plaintiffs' motion.

Plaintiffs seek adequate responses for the following requests for production (RFP): 13, 17, 19, 20 and 33.

### A. RFP 13

RFP 13 seeks "records and communications pertaining to audits performed by Poston, Denney & Killpack, PLLC" [PDK], related to sales representative compensation." Mtn p. 3. Plaintiffs reviewed Defendants' supplemental responses regarding these materials and finding

them insufficient, subpoenaed PDK directly. PDK agreed to produce responsive documents for Defendants to review for privilege, but the documents have not been produced.

In reply, Defendants note they already produced all responsive documents in their custody and control. Defendants have also made multiple requests to PDK to produce documents for a privilege review prior to providing them to Plaintiffs. Apparently, on February 17, 2022, "for the first time Defendants received responsive documents from PDK." Op p. 2. Defendants now intend to review and produce responsive documents as soon as possible.

The court finds no basis to grant Plaintiffs' motion as to RFP 13. Based on the parties' representations, PDK was somewhat slow in producing documents for a privilege review, but that is now taking place. The court, however, does ORDER Defendants to complete any review and produce responsive documents within thirty (30) days from the date of this order.

### B. RFP 17

In its February 2021 order the court ordered Defendants to respond fully to this request. RFP 17 pertains to social media materials. Plaintiffs argue "social media materials still have not been produced even though Defendants have admitted they have Facebook and Instagram accounts." Mtn. p. 3. In response, Defendants aver that they "produced all content from Alder's Facebook and Instagram pages, including over 9,000 pages of content." Op. p. 2. It is unclear from this response whether Defendants have produced social media materials from the other Defendants. Thus, to the extent such materials have not been provided, Defendants are ORDERED to produce such materials within thirty (30) days from the date of this order.

### C. RFP 19

This request pertains to recruiting materials. It states: "Please produce copies of all advertising, marketing, and recruiting materials used by Defendants since July 1, 2013, including

but not limited to brochures, posters, billboard content, recruiting communications, online advertisement content, and video and audio recordings." (ECF No. 77-1 at 21.) The court overruled Defendants' objection to this request and found "recruiting materials are relevant to Plaintiffs' fraud claim." February 8, 2022, order p. 12. Plaintiffs assert Defendants have "not produced a single recruiting presentation or brochure and only a couple of flyers." Mtn. p. 3. In response, Defendants state they have already produced the recruiting materials they have been able to locate and they will continue to supplement their production if additional documents are found.

This is concerning to the court because it appears based on the record before it, that Defendants may have taken a rather casual approach in the search and production of recruiting materials. The court therefore ORDERS Defendants to conduct a thorough search for responsive materials. Any materials are to be produced within thirty (30) days from the date of this order. In addition, Defendants are ORDERED to provide by this same date, an affidavit outlining the search methods and efforts utilized to find responsive materials. This is to include who conducted the searches and an overview of how the searches were conducted.

### D. RFP 20

This request seeks communications between Defendants and sales representatives. Once again, the court previously ordered Defendants to "respond fully" to this request. Defendants note their search for responsive materials is ongoing and they will produce additional documents if any are found. In similar fashion to RFP 19, the court ORDERS Defendants to provide an affidavit within thirty (30) days from the date of this order, outlining the search methods, efforts utilized to find materials, who conducted the searches, and how the searches were conducted.

E.  RFP 33

In RFP 33 Plaintiffs request that Defendants:

Please produce all communications to, from and/or between Defendants or any of their agents, employees, independent contractors, or other representatives related to or concerning the allegations at issue in the Second Amended Complaint, including but not limited to text messages, emails, WhatsApp messages, and social media messages.

Plaintiffs argue Defendants have not been willing to meet and confer regarding this request, instead, asserting that it is overbroad and unduly burdensome. In contrast, Defendants respond that they are "happy to meet with Plaintiffs regarding RFP 33." Op p. 3.

The parties are ORDERED to meet and confer regarding this RFP. The court notes that as currently written, the RFP is overbroad because it fails to limit the timeframe for searches. Moreover, in narrowing this RFP, Plaintiffs are directed to the principles found in Federal Rule of Civil Procedure 1 that states the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Discovery requests that do not comply with the intent of Rule 1 create delay and unreasonable expenses of time, energy, and money. *See, e.g., Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Dan. 1997) (criticizing "blockbuster interrogatories" that do not comport with the intentions behind Rule 1). Plaintiffs' motion as to RFP 33 is DENIED to allow a meaningful meet and confer by the parties and an opportunity for Plaintiff to appropriately narrow the request.

ORDER

The court orders Defendants to complete any review and produce responsive documents to RFP 13, 17, and 19.

The court orders Defendants to file an affidavit as outlined above regarding searches for materials responding to RFP 19 and 20.

The parties are ORDERED by the court to meet and confer regarding RFP 33 and Plaintiffs are ORDERED to narrow the request.

Finally, the parties request for attorney fees is DENIED because the court grants in part and denies in part the motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

IT IS SO ORDERED.

DATED this 11 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge