IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual;<br>and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REGARDING THIRD MOTION TO COMPEL DISCOVERY RESPONSES<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Third Short-Form Discovery Motion to Compel Discovery Responses. (ECF No. 192.) As set forth herein, the court orders further briefing on some of the requested discovery and denies other requests.

## BACKGROUND

On March 2, 2020, Plaintiffs filed their Amended Collective/Class Action Complaint against Defendants. (ECF No. 41.) After which, Defendants moved to dismiss the Complaint (ECF No. 50.) and on February 5, 2021, the court entered an order denying Defendants' Motion to Dismiss Plaintiffs' class and collective action claims. (ECF No. 82.) Shortly thereafter, on February 8, 2021, the court granted in part and denied in part Plaintiffs' first Motion to Compel Discovery. (ECF No. 83.) Plaintiffs point to this order in part asserting Defendants have not fully complied with it. Both parties also seek attorney fees pertaining to the instant motion.

## ANALYSIS

Plaintiffs move to compel responses to certain interrogatories (ROG) and requests for production (RFP) from the third and fourth set of discovery requests. The court's prior order regarding Plaintiffs' Second Short Form Discovery Motion addresses alleged failures by Defendants to comply with the court's February 5, 2021 order. The court therefore does not address those allegations here and instead focuses on the discovery requests at issue in Plaintiffs' Third Motion.

### I.      Discovery Standards

At the outset the court notes the standards that govern discovery disputes such as this one.

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001).

All discovery, however, is subject to the proportionality limitations imposed by Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also

permit a court to restrict or preclude discovery, when justice requires, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

With that backdrop, the court now turns to the individual requests.

**A. ROG 20 and RFP 48**

Interrogatory 20 states: "Identify all residual sales representatives having a positive balance on their Invested Capital Report at the time they left Alder (for former representatives) or currently (for current representatives)." (ECF No. 192-1 p. 8.) RFP 48 from the fourth set of discovery requests provides: "Please produce any and all evidence Defendants intend to use at trial to establish that Jake Dahl, Bobby Shane, Ben Quinn, Ryan Davis, Ryan Anderson, or any other current or former sales representative has achieved a positive book of business." (ECF No. 192-2 p. 15.)

In response to these discovery requests, Defendants provide "Alder does not maintain a list of which former representatives had a positive balance at the time they terminated their relationship with Alder." (ECF No. 192-1 p. 9.) Defendants provide a chart of former sales representatives and a list of current sales representatives that "have a positive balance on their books of business." *Id.* In reply to Plaintiffs' motion, Defendants assert they have produced "nearly 250,000 pages of documents" along with spreadsheet data. Op. p. 2.

The court finds Defendants' response to ROG 20 adequate. Defendants object to Plaintiffs' RFP 48 asserting that it is premature to require production of "any and all evidence" they intend to use at trial. Moreover, once the determination is made concerning which documents and information will be used, Defendants state they will provide it.

3

The court finds RFP 48 premature and disingenuous. There is no requirement to provide pretrial disclosures at this time under the operative scheduling order. In fact, the matter has yet to reach the summary judgment stage. It is these type of overreaching premature discovery requests that create delay and waste the resources of both the court and the parties. Plaintiffs' motion is denied as to both ROG 20 and RFP 48.

### B. RFP 43

This request seeks production of a "screen shot or printout of the information sales representatives have been able to access through Alder's intra-company website since February 2021." (ECF No. 192-1 p. 13.) During a March 10th meet and confer between the parties, Defendants' counsel "agreed to at least produce screenshots from DOMO/Genesis showing the relevant residual information." Mtn. p. 2. In response to Plaintiffs'' motion, Defendants state that they "have produced, [and] are in the process of gathering additional, relevant screenshots form DOMO." Op. p. 2.

Based on the representations by the parties, this production appears to be "in process." Unfortunately this is an all too common theme in civil discovery disputes. One party is a little slow in production, while another party lacks patience for a thorough response to a discovery reqeust. Plaintiffs filed the instant motion less than 30 days after the parties' meet and confer on March 10th. In the court's view, Plaintiffs should have at least waited 30 days after the meet and confer to file a motion, and certainly it should have come after further communications were had by the parties regarding their agreement. It appears this dispute is indicative of the unfortunate regression this case is taking into the parties' inability to resolve matters on their own through cooperation. As noted by other courts, the Federal Rules of Civil Procedure impose a "stop and think" obligation on the party serving discovery requests and on the party serving responses and

obligations. Kneejerk discovery requests served without consideration of cost or burden to the responding party, and the practice of objecting to discovery requests reflexively, rather than reflectively, are both equally abusive. *See, Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438 (D. Utah 2020) (identifying many discovery abuses and antiquated practices that violate the Federal Rules); *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 562 (D. Colo. 2014); *Selectica, Inc. v. Novatus, Inc*., No. 6:13-CV-1708-ORL-36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014) ("Discovery is intended to be extrajudicial and self-executing. It should require at most, infrequent court involvement.").

The parties are strongly encouraged to use their best efforts to resolve disputes such as the one surrounding this RFP. Plaintiffs' motion as to this request is denied given this lack of cooperation and how quickly the motion was filed following the meet and confer. Defendants are ordered to comply with their agreement within thirty (30) days from the date of this order.

### C. RFP 45

RFP 45 states: "Produce tax returns and annual balance sheets, profit/loss statements, and cash flow statements for each of the previous fiscal years for all entities shown on the organizational chart produced by Defendants on or about October 18, 2021." (ECF No. 192-1 p. 14.) Plaintiffs assert these items are highly relevant to their allegations

> (1) that sales representatives do not actually own a 40% or 50% interest in the accounts they sell (as Defendants represented) because the vast majority of the revenues flow only to Defendants, (2) that Defendants have misapplied revenues owed to sales representatives, including by using the money to fund affiliate ventures, and (3) that sales representative promissory notes are being reflected as assets, resulting in excessive leverage that places sales representatives' equity interests at risk.

(ECF No. 192 p. 3.)

In contrast, Defendants argue these documents will not show whether sales representatives own interest in accounts or the revenue allegedly owned to them and whether any revenue has been misapplied. Defendants further point to the sales agreements themselves asserting that Alder "owns all rights and title to the accounts" and sales representatives are only entitled to payments as long as they are actively engaged in providing serves to Alder. Finally, Defendants object to this request arguing Plaintiffs have failed to make the requisite showing entitling them to this discovery. In support Defendants cite to case law noting the burden to obtain such discovery and that the discovery sought is generally not discoverable. *See Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) ("'courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'") (quoting *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007)) (citation and quotations omitted); *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 149 (E.D.N.Y.2008) (when determining whether to compel discovery of tax returns, the court applies a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.") (citation omitted); *Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. Sept.20, 2010) (noting the modern trend places the burden on the party seeking the discovery of tax returns to establish both prongs of this test); *In re House of Yahweh*, 266 S.W.3d 668, 674, 2008 WL 4596643 (Tex. App. 2008) ("A party seeking the discovery of income tax returns bears the burden of showing that the returns are relevant and material to the issues in the case."); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) (noting the two-

pronged test to "assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.")

On the current briefing before the court, Plaintiffs have failed to make the required showing for the production of these materials. Candidly, such a showing is fairly hard to make within the confines of the short form motion briefing limits. Under the Local Rule that governs discovery disputes, DUCivR 37-1, the court may "request additional briefing and set a briefing schedule." The court orders further briefing on these discovery requests. The briefing is to specifically address the case law set forth above, and any other relevant case law from the Tenth Circuit pertaining to these request, including the burden Plaintiffs face in obtaining this requested discovery. The following schedule and page limitations apply:

- Plaintiffs are to file a brief of no more than 10 pages or 3100 words on or before May 20, 2022.
- Defendants are to file an opposition of no more than 10 pages or 3100 words on or before June 3, 2022.
- Plaintiffs may file a 5 page reply or 1550 words on or before June 10, 2022.

The parties are to follow Local Rule 7-1(5) in regard to sections that are applicable to the page or word limits and certification requirements. Once the briefing is complete the court will make a ruling on the requested discovery.

### D. ROGs 24-28; RFP 46, 47

A review of the ROGs and RFPs at issue here indicate Plaintiffs are seeking, *inter alia*, the "structure of any actual or proposed transaction involving Skybell", (ECF No. 192-2 p. 6.), the timeframe for a transaction, how the equity may be purchased or transferred, the impact on future cash flows, copies of "all communications, disclosures, due diligence materials and other

documents related to the Skybell transaction that identify" the current litigation, (ECF No. 192-2 p. 13.), and "all term sheets, letters of intent, agreements, and other documents that identify or describe any actual or proposed transaction involving Skybell and Defendants." ((ECF No. 192-2 p. 14.)

According to Plaintiffs, these requests and interrogatories "seek discovery regarding Alder's negotiations with Skybell about a potential acquisition." Mtn. p. 3. Plaintiffs argue the discovery is relevant to their "allegations that Defendants made fraudulent statements about anticipated third-party acquisitions" and to Plaintiffs' residual interests and claims, i.e. "how their equity would be treated in the transaction", representations about this litigation, and how liability would transfer. *Id.*

Defendants' resist any line of discovery regarding the negotiations with Skybell. The discovery is not relevant to any alleged fraudulent statements about third-party acquisitions and Plaintiffs fail to explain any connection. Further, Defendants allege Plaintiffs are attempting to disrupt a possible transaction by interfering with the parties' confidential negotiations. On top of these concerns, Defendants point out that Plaintiffs are employed by Vivint, a direct competitor of Alder, and their counsel in this case is also outside legal counsel for Vivint.

The court agrees with Defendants. As noted in their objections, it is undisputed that Plaintiffs have not provided services to Alder for several years. (ECF No. 192-2 p.13.) And, the contracts between Plaintiffs and Alder were allegedly based on being actively engaged in providing services to Alder. *See id.* Thus, there is no need for this information regarding negotiations that appear to be ongoing concerning a possible acquisition. Even setting those reasons aside, the information sought involves confidential and proprietary business information. Requesting information such as "all term sheets, letters of intent, agreements, and other

documents that identify or describe any actual or proposed transaction involving Skybell" fits squarely within that type of information. Although relevance is broadly construed at this stage, it is not without limits as the court noted previously. On the record before it, the court is not persuaded that this line of discovery is relevant to the instant proceedings. Thus, the motion is denied as to these RFPs and ROGs and the court upholds Defendants' objections.

### E. RFP 49

In RFP 49 Plaintiffs request that Defendants: "Please produce documents and records sufficient to show all amounts paid to sales representatives through S-corporations or other means not reflected on 1099 or W2 forms." (ECF No. 192-2 p. 16.) Plaintiffs argue "Defendants have refused to produce responsive documents and information." Mtn.. p. 3. After setting forth overly broad, unduly burdensome, and irrelevant objections, Defendants state that to the extent they can identify responsive documents they will be produced at a "convenient time and place." (ECF No. 192-2.) In opposition to Plaintiffs' motion Defendants further note they "are in the process of searching for and producing the requested information for the relevant time period." Op p. 3.

Once again this dispute is one that requires more effort by the parties to resolve. Plaintiffs' blatant assertion that Defendants have refused to produce responsive documents and information is undermined by Defendants' responses in the record. A meaningful meet and confer, along with patience by Plaintiffs and diligence by Defendants, could have resolved this dispute. The court finds no basis to grant Plaintiffs' motion as to this request given this lack of cooperation. However, Defendants are ordered to provide the requested information within thirty (30) das from the date of this order.

### F. Attorney Fees

Both parties seek attorney fees. Pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A). However, that rule also provides, in relevant part, that "the court must not order this payment if ... the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified ... or ... other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i-iii). The conduct of the parties here, i.e. other circumstances, make an award of expenses to either party unjust.

### ORDER

Based upon the foregoing the court ORDERS as follows:

1. Plaintiffs' motion is DENIED as to ROG 20 and FRP 48.

2. Plaintiffs' motion is DENIED as to RFP 43, however, Defendants are to comply with their meet and confer obligations within thirty (30) days from the date of this order.

3. The parties are ORDERED to provide further briefing as set forth above concerning RFP 45.

4. Plaintiffs' motion is DENIED as to ROGs 24-28 and RFPs 46-47.

5. Plaintiffs' motion is DENIED as to RFP 49, however, Defendants are to complete their searching for and producing relevant items within thirty (30) days from the date of this order.

6. The respective parties' requests for attorney fees is DENIED.

IT IS SO ORDERED.

DATED this 11 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge