IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual;<br>and DOES I–X,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DIRECTING FURTHER BRIEFING<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant's Short-Form Discovery Motion to Quash Plaintiffs' Subpoenas to certain financial entities. (ECF No. 183.) The court has considered the parties' memoranda and ORDERS additional briefing.

Plaintiffs issued a subpoena to certain financial intuitions requesting "[a]ll account statements, transaction records, signatory authorizations, and correspondence regarding accounts held by" the following entities for the past 5 years:

　　a) Boerboel Protection, LLC;
　　b) Alder Protection Holdings, LLC;
　　c) Pando Holdings, LLC;
　　d) Luna Products, LLC;
　　e) KIWMS, LLC;
　　f) Cove Smart, LLC;
　　g) Alder Holdings, LLC;
　　h) Alder Louisiana, LLC; and
　　i) Alder Housing, LLC.

(ECF No. 183 p. 1) Plaintiffs assert the subpoenas are relevant and proportional to their "claims and allegations regarding Defendants' flawed and nontransparent compensation system and Defendants' misappropriation of Plaintiffs' residual/equity interests, including through transfers to non-party affiliates." (ECF No. 186 p. 3.)

Defendants seek to quash the subpoenas asserting Plaintiffs have only "a contingent profits interest in certain customer accounts they generated, but only so long as they were 'actively engaged in providing Services' to Alder." (ECF No. 183 p. 3, emphasis omitted). Further, Defendants argue the subpoenas seek information that is irrelevant, not proportional, and overbroad. This includes requests for "banking and loan records of parties and nonparties alike." *Id.* p. 2.

Case law cited to by Plaintiffs in opposition to the motion to quash weighs heavily against Defendants' motion. Such case law has held there is no justifiable expectation of privacy in bank records, denied motions for protective orders regarding bank subpoenas, and found parties "lack standing to object [to a subpoena] on the basis of undue burden, overly broad, or relevance grounds" *IBC Advanced Techs. V. Ucore Rare Metals*, 2020 WL 6424112, at *4 (D. Utah Nov. 2, 2020). *See United States v. Cont'l Bank & Tr.*, 503 F.2d 45, 49 (10th Cir. 1974) ("no justifiable expectation of privacy" in a bank's records and "no bank-depositor privilege"); *ZooBuh, Inc. v. Better Broad., LLC*, 2017 WL 3601236, at *2 (D. Utah Aug. 21, 2017) (denying motion for protective order regarding bank subpoena); *Hutchinson v. Kamauu*, 2022 WL 180641, at n.3, n.4 (D. Utah Jan. 20, 2022) (noting the defendants problems with standing and a lack of protection or privilege for bank records).

Notwithstanding this case law, the court shares some concern about Plaintiffs requesting nonparty financial information. Thus, the court orders further briefing on Defendants' motion.

This briefing is to address the case law cited to by Plaintiffs, as well as any other relevant case law. The parties are also to address the court's concerns regarding requests for nonparty financial information. For example, one of the cases relied upon by Plaintiffs, *ZooBuh, Inc. v. Better Broad., LLC*, 2017 WL 3601236, at *2, specifically noted a "nexus" between the parties to warrant discovery. The court questions whether such a nexus exists here and the impact it may have upon the requested discovery.

Accordingly, under the Local Rule that governs discovery disputes, DUCivR 37-1, the court may "request additional briefing and set a briefing schedule." The court sets forth the following briefing schedule:

- Defendants are to file a brief of no more than 10 pages or 3100 words on or before May 27, 2022.
- Plaintiffs are to file an opposition of no more than 10 pages or 3100 words on or before June 10, 2022.
- Defendants may file a 5 page reply or 1550 words on or before June 17, 2022.

The parties are to follow Local Rule 7-1(5) in regard to sections that are applicable to the page or word limits and certification requirements.

IT IS SO ORDERED.

DATED this 13 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge