IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual;<br>and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER CONCERNING DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO BANK OF AMERICA, JP MORGAN CHASE BANK, BANK OF UTAH, etc.<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants move the court to quash subpoenas issued to Bank of America, Chase Bank and Bank of Utah by Plaintiffs. (ECF No. 183.) After reviewing Defendants' short form motion, the court ordered additional briefing under the Local Rules. (ECF No. 200.) The parties have now completed that briefing and having considered the parties' arguments and relevant case law the court enters the following granting in part Defendants' motion.

## BACKGROUND

Defendant Alder Protection Holdings, LLC (Alder) "is a door-to-door sales company" "engaged in the business of selling, installing, and servicing electronic security equipment." (ECF No. 41 at 3, 5.) The other Defendants are executives and officers that work for Alder. Alder "relies on individual sales representatives to sell its alarm services and products on a commission basis to residential customers throughout the United States." (ECF No. 41 at 5.)

"The individuals who Alder recruits as door-to door sales representatives are predominantly college-age males who" generally work "during the summer months" (ECF No. 41 at 7.)

Plaintiffs worked for Alder for varying time frames from 2011 to 2019. Plaintiffs allege that "Alder incentivizes sales representatives to forego immediate compensation in exchange for illusory promises of long-term wealth through the creation of 'books of business' that will pay guaranteed returns to them in the future." (ECF No. 41 at 3.) "Alder requires each sales representative to enter an independent contractor agreement that provides for how the sales representative will be compensated (the 'Agreement(s)')." (ECF No. 41 at 17.)

Plaintiffs provided notice of intent to serve subpoenas under Rule 45 to the following entities: Bank of America, JP Morgan Chase Bank, Bank of Utah, Sprint entities and Deloitte Corporate Finance LLC. The subpoenas seek "All account statements, transaction records, signatory authorizations, and correspondence regarding [certain] accounts held by [certain] entities … during the past 5 years." (ECF No. 183 ex. A.) And, "All documents, records, and communications related to lines of credit or loans issued to [certain] entities … since 2010." *Id.* According to Defendants, six of the entities are nonparties to this action and four are individuals. Defendants seek to quash the subpoenas asserting they request information that is irrelevant, not proportional, and overbroad. The court addresses these issues below.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may

not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. See *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. See *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena inter alia: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015) (quotations and citation omitted); see also *Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).

## ANALYSIS

### I.   Standing

As an initial matter, the court must consider whether Defendants have standing to move to quash or modify the subpoenas. The court finds Defendants do have standing because

Defendants have a privacy interest in their personal financial affairs that gives them standing. Other courts have recognized this right. *See, e.g.,* *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *4 (D. Utah May 22, 2020) (finding standing to contest subpoenas that seek "personal financial and business documents" that are "highly sensitive"); *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, 2019 WL 8223561, at *3 (D. Colo. Dec. 31, 2019) (finding a privacy interest in financial records confers standing to challenge a third party subpoena); *In re Capuccio*, 558 B.R. 930, 933 (Bankr. W.D. Okla. 2016) ("Although the Tenth Circuit has not expressly addressed [this question], courts have held that individuals whose banking records are subpoenaed 'have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'") (quotations and citation omitted); *Arias-Zeballos v. Tan*, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (holding that individuals whose banking records are subpoenaed "have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution"); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (finding defendant "has a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas").

The cases cited to by Plaintiffs asserting Defendants lack standing are unpersuasive. *United States v. Miller*, 425 U.S. 435 (1976), held that a bank depositor had no protectible Fourth Amendment interest in bank records. *United States v. Brown*, 600 F.2d 248 (1979), reached a similar conclusion, holding summons issued to a third-party bank did not violate the defendant's Fourth Amendment rights. And, *United States v. Continental Bank & Trust Co.*, 503 F.2d 45 (1974), concerned whether the bank had a right to assert privacy interests on behalf of the

persons named on the requested records. None of these cases involved a Rule 45 subpoena where holders of financial records seek to protect their own person privacy interests. Moreover, *SEC v. First Sec. Bank of Utah, N.A.*, 447 F.2d 166 (10th Cir. 1971), wrestled with whether certain financial records were protected by privileged communications under the attorney-client privilege. This privilege is not at issue here. *ZooBuh, Inc. v. Better Broadcasting, LLC*, 2017 WL 3601236 (D. Utah Aug. 21, 2017), acknowledged the standing question but declined to decide it under the context of Rule 45, because the movant sought a protective order under Rule 26. This leaves Plaintiffs with *Hutchinson v. Kamauu*, 2022 WL 180641, at *1 (D. Utah Jan. 20, 2022), a case from this district. *Hutchinson*, however, is set in a different procedural posture as it involved post-judgment collection efforts, not requested discovery prejudgment. The court is not persuaded by this decision that Defendants lack standing here.

II.     **Available grounds to challenge the subpoenas**

Although Defendants' rights of privacy provide standing to challenge the subpoenas, this does not automatically mean there are sufficient grounds to do so. Defendants' motion is couched under Rule 45 and a Rule 45 subpoena falls within the proper scope of discovery under Federal Rule 26. *See US Magnesium,* 2020 WL 12847147, at *5 (applying relevancy considerations to subpoena); *Frappied v. Affinity Gaming Black Hawk, LLC* 2018 WL 1899369 *3 (D. Colorado April 20, 2018) ("a subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) (finding Rule 45 subpoenas constitute discovery). So, both Rule 45 and Rule 26 are implicated.

5

Federal Rule 45 provides that a court may or must quash a subpoena upon a timely motion if it (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3). Defendants do not oppose the subpoenas under these categories, which is appropriate. Rule 45 is designed to protect a person or entity subject to a subpoena. The subpoenas were not issued to Defendants, and they face no obligation to produce the information. Thus, any claim of hardship, or undue burden as it relates to Rule 45 would be improper. *See In re Capuccio,* 558 B.R. 930, 934–35, 2016 WL 5723937 (Bankr. W.D. Okla. 2016) (noting Rule 45's purpose that prohibited a party from asserting undue burden on a subpoena issued to a third party). Instead, Defendants cite to the standards found in Rule 26.[1]

Federal Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm

---

[1] The court is not persuaded that Defendants cannot assert objections based on relevance, proportionality, or overbreadth. Those objections may be raised under Rule 26. The scope of discovery under Rule 45 is the same as the scope of discovery allowed under Rule 26. *See US Magnesium*, 2020 WL 12847147, at *5 (applying relevancy considerations to subpoena); *Frappied,* 2018 WL 1899369; *Painters Joint Comm. V. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 (D. Nev. Sept. 29, 2011). Once again, *Zubah*, 2017 WL 3601236 and *Hutchinson*, 2022 WL 180641 contained post-judgment discovery issues. Moreover, the court is not convinced that those cases adequately considered the distinct objections available under Rule 45 and Rule 26. *See, e.g., ASKM, LLC. v. Fry*, 2009 WL 10692975, at *3 (D. Utah Oct. 20, 2009) (considering and deciding a party's relevancy challenge to a bank subpoena).

occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 3620766, at *2 (D. Kan. July 30, 2018). Conversely, when relevancy is not apparent on its face, the requesting party has the burden to show the relevancy of the request. *See id.*

Here, Defendants assert the "subpoenas remain vastly overbroad." The court agrees. They seek "All account statements, transaction records, signatory authorizations, and correspondence regarding [certain] accounts held by [certain] entities … during the past 5 years." (ECF No. 183 ex. A.) And, "All documents, records, and communications related to lines of credit or loans issued to [certain] entities … since 2010." *Id.* This includes seeking information from non-parties to this lawsuit. The court agrees with the principle set forth in *US Magnesium*, 2020 WL 12841747 at * 4, a lawsuit does not give a party a "free pass to fish through all of [another party's] financial records merely to see if anything interesting turns up …." *See also Stewart v. Mitchell Transp.*, 2002 WL 1558210, at *3 (D. Kan. July 11, 2002) ("Overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b)3 and 34.").

Due to their overbreadth and questionable relevance of some of the information sought in the subpoenas, the court quashes the subpoenas as now drafted. Specifically, the court finds there is no basis for the production of tax returns. Punitive damages at this time are speculative, and Plaintiffs concede there is no compelling need for the tax returns as the information sought may be obtained from other sources. Plaintiffs are not prohibited from redrafting subpoenas which are narrower in scope and reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Richards v. Convergys Corp.*, 2007 WL 474012, at *5 (D. Utah Feb. 7, 2007). They may

not, however, seek tax returns and may not seek financial information of parties that are not involved in this suit. Plaintiffs' arguments regarding "affiliates" and obtaining their financial information is not persuasive. The court encourages the parties to attempt to resolve their discovery disputes between themselves to the extent possible. *See id.* The history of this case has shown a failure in this regard.

Accordingly, Defendants' Motion is GRANTED IN PART as Plaintiffs are not prohibited from redrafting the subpoenas. The court DENIES Plaintiffs request for attorney fees.[2]

IT IS SO ORDERED.

DATED this 16 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] The court finds Plaintiffs' request disingenuous because it is Plaintiffs' broadly drafted subpoenas that created this dispute. Such actions, in the court's view, come closer to awarding fees for Defendants based on Plaintiffs' conduct. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").