IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants move the court to compel Plaintiffs to fully respond to Defendants' Requests for Production 2, 3, 6, and 11. As set forth herein, the court grants in part the motion.

**BACKGROUND**

This is a longstanding dispute arising from compensation structures involving the selling, installing, and servicing of electronic equipment. (ECF No. 41 at 3, 5.) The parties' ability to self-govern, cooperate, and resolve discovery disputes has apparently vanished, and Fed. R. Civ. P. 1's admonition that the parties seek the "just, speedy, and inexpensive determination of every action and proceeding", is at this point, a philosophical maxim that has largely been cast aside. In the instant motion Defendants seek further responses to certain requests for production.

## ANALYSIS

At the outset the court notes the standards that govern discovery disputes such as this one. Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.,* Sheldon v. Vermonty, 204 F.R.D. 679, 689–90 (D.Kan.2001).

All discovery is also subject to the proportionality limitations imposed by Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery, when justice requires, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

Before turning to the individual requests, the court notes that Plaintiffs oppose the motion based on untimeliness. DUCivR 37.1, which governs discovery disputes, provides that the "parties must make reasonable efforts to resolve a discovery dispute … before seeking court assistance." "At a minimum, those efforts must include a prompt written communication sent to the opposing party." Plaintiffs provided discovery responses on August 2, 2021, and a first meet

and confer attempt regarding the production was made on June 3, 2022, ten months later. Thus, according to Plaintiffs, untimeliness alone should preclude all relief sought by Defendants. The court fails to find any explicit deadline specifying what constitutes a "prompt written communication", and Plaintiffs do not provide any legal authority to support their argument that untimeliness alone warrants denial of the motion. Accordingly, Plaintiffs' timeliness argument is rejected. *See US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *3 (D. Utah May 22, 2020) (rejecting a timeliness objection under DUCivR 37-1).

## A. RFP 2

Request for Production number 2 seeks "Plaintiffs' communications with Vivint regarding this lawsuit." (ECF No. 215 p. 2.) It states:

> Please produce all communications (including any text messages, online messages, emails, and social media messages) relating to this Action or any of the claims, allegations, or issues described in the Proposed Second Amended Complaint between you and any representative of Vivint Smart Home, Inc., including any of its subsidiaries, parents, predecessors in interest, attorneys, officers, representatives, agents, employees, and/or other persons acting or having acted on its behalf.

(ECF No. 215-1 p. 11.)

This is a putative class action suit and Defendants argue this information is needed to ensure Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs' communications with Vivint are relevant Defendants continue, because "they will show whether, and to what extent, Vivint is directing or influencing the litigation." (ECF No. 215 p. 2.) Plaintiffs oppose the request, asserting Vivint is not a party to this action, and it would be disproportionate to require the named Plaintiffs to search "all of their communications with Vivint Smart Home representatives for any reference to the allegations or claims in this

action." (ECF No. 215-2 p. 29.) Moreover, the request is vague, overbroad and unduly burdensome because "it fails to identify with sufficient specificity the communications sought." *Id.*

The court is persuaded that the discovery request here is relevant and proportional. Discovery is not limited simply to the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 1978 WL 497901 (1978). This discovery goes to one of the prerequisites for a class action, namely, whether Plaintiffs will fairly and adequately protect the interests of the class. The request limits information sought to "this Action" and the allegations in the Second Amended Complaint, which are appropriate limits. The fact that Vivint has been involved in funding certain activities in this case further supports the need for this discovery. (ECF No. 218.) Thus, Plaintiffs' objections are overruled.

Finally, Plaintiffs note that the dispute over this request is likely moot, because Plaintiffs are willing to expand initial keyword-based emails and text message searches to include Vivint senders and recipients. This is the type of cooperation by parties that is envisioned under the Federal Rules. Plaintiffs are ordered to complete their searches and include Vivint senders and recipients as part of the search and to fully comply with RFP 2.

### B.  RFP 3

This request states:

> Please produce all employment-related agreements (including, but not limited to, independent contractor, direct seller, employment agreements), including any exhibits, amendments, and addenda, entered by Named Plaintiffs with any person or entity, signed on or after July 1, 2013.

(ECF No. 215-1 p. 11.) Defendants argue this discovery is relevant because Plaintiffs bring claims that Defendants' agreement, including its class waiver provision, is unconscionable. Yet,

4

this claim is undermined if Plaintiffs entered into similar agreements with Vivint that also contain class waiver provisions, or similar compensation conditions. Plaintiffs resist production asserting the agreements are irrelevant to the claims and defenses in this Action and are confidential.

While the court agrees that such agreements between Plaintiffs and Vivint may be considered confidential, they are protected by the Standard Protective Order that applies in every case. *See* DUCivR 26-2. Therefore, Plaintiffs' confidentiality concerns are unwarranted. The court finds this discovery request is relevant to Plaintiffs' claims in this case contrary to Plaintiffs' assertion that they are no more relevant here than an agreement with any other third party. If the agreements with Vivint, who is a competitor, are substantially similar to the prior agreements entered into by Plaintiffs, then Plaintiffs' assertions that they are unconscionable will be significantly undermined. Plaintiffs' objections to answering this discovery request, therefore, are overruled.

### C. RFP 6 & RFP 11

These Requests "seek Plaintiffs' retainer agreements and documents showing who is paying their attorneys." (ECF No. 215 p. 3.) Defendants argue this information is discoverable because Plaintiffs put the terms of their agreement at issue by requesting attorney fees. Plaintiffs argue that Defendants already know no third party is compensating Plaintiffs' attorneys and the terms of a contingency fee agreement, have no bearing on Plaintiffs' fitness as class representatives. In errata, Plaintiffs further provide, "Vivint has paid certain legal fees related to Plaintiffs' motion to dismiss the counterclaims asserted against them by Alder." (ECF No. 218 p. 2.)

The court agrees with Defendants that the attorney-client privilege does not automatically shield fee arrangements, *see Inc. v. ELAP Servs.*, 2019 WL 3070073, at *1 (D. Utah July 12, 2019), yet at this time, Defendants fail to show that information from the agreements would lead to relevant evidence. There are no legitimate concerns about Plaintiffs' financial abilities to successfully lead a class in this matter. Nor are there any legitimate concerns as to whether Plaintiffs can afford to pay their lawyers. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974). If Defendants obtain a judgment via their counterclaims, there will be "ample opportunity for discovery under [Federal] Rule 69." *Id.* Defendants' motion, therefore, as to RFP 6 and RFP 11 is denied.

## ORDER

Defendants' Motion is GRANTED IN PART. Plaintiffs are ORDERED to provide responses as set forth above.

IT IS SO ORDERED.

DATED this 19 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge