IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs move the court to compel Defendants Alder Protection Holdings, LLC and Alder Holdings, LLC (collectively Alder) to produce "an adequately prepared corporate designee under Fed. R. Civ. P. 30(b)(6)." (ECF No. 226.) As set forth herein the court denies the motion.

## BACKGROUND

Defendant Alder Protection Holdings, LLC (Alder) "is a door-to-door sales company" "engaged in the business of selling, installing, and servicing electronic security equipment." (ECF No. 41 at 3, 5.) The other Defendants are executives and officers that work for Alder. Alder "relies on individual sales representatives to sell its alarm services and products on a commission basis to residential customers throughout the United States." (ECF No. 41 at 5.) "The individuals who Alder recruits as door-to door sales representatives are predominantly college-age males who" generally work "during the summer months" (ECF No. 41 at 7.)

Plaintiffs worked for Alder for varying time frames from 2011 to 2019. Plaintiffs allege that "Alder incentivizes sales representatives to forego immediate compensation in exchange for illusory promises of long-term wealth through the creation of 'books of business' that will pay guaranteed returns to them in the future." (ECF No. 41 at 3.) "Alder requires each sales representative to enter an independent contractor agreement that provides for how the sales representative will be compensated (the 'Agreement(s)')." (ECF No. 41 at 17.)

On October 19-20, 2021, Plaintiffs took the 30(b)(6) deposition of Alder's designee Adam Schanz. Plaintiffs assert Schanz was unprepared on many topics including Topics 2, 8, and 10.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b)(6) provides that a

> party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

Rule 37 of the Federal Rules of Civil Procedure permits a court to order sanctions if a party's officer or 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "'Producing an unprepared witness is tantamount to a failure to appear at a deposition.'" *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626,

639 (D. Kan. 1999) (quoting *United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (1996)).

## DISCUSSION

"The law is well-settled that corporations have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146, 68 Fed. R. Serv. 3d 1381, 2007 WL 2285901 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkt. Group Inc.*, 181 F.3d 253, 268 (2d Cir.1999) (citation omitted). Corporations must "make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Int'l*, 186 F.R.D. at 639. An entity is obligated to prepare a designee, so they may give knowledgeable and binding answers for an organization on those matters set out in the deposition notice. *See id.* Producing an unprepared witness for a 30(b)(6) deposition is akin to failing to appear and may warrant sanctions under Rule 37. "If it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute." *Id.* (quotations and citation omitted).

Plaintiffs argue Defendants' Rule 30(b)(6) designee Adam Schanz was unprepared on many topics. Plaintiffs specifically point to Topic 2 (recruiting), Topic 8 (maintenance of business and accounting records), and Topic 10 (document retention and destruction policies and practices). Plaintiffs seek an adequately prepared designee and seek fees and costs for the remedial deposition and the instant motion.

In opposition, Defendants argue the motion is untimely, as the deposition was held more than a year ago in October 2021. Further, Plaintiffs already used their full deposition time of 7

hours and if Schanz was unprepared they could have suspended questioning. In addition, Plaintiffs' deposition notice lacks "reasonable particularity", and Schanz already answered many questions about the topics Plaintiffs now complain went unanswered. Both parties attach portions of Schanz's deposition in support of their respective positions.

The court finds Plaintiffs' motion untimely. Schanz's deposition took place in October 2021. The Local Rules require parties to "make reasonable efforts to resolve a discovery dispute" and "at a minimum" this requires a "prompt written communication sent to the opposing party." DUCivR 327-1(a). The Local Rules have not specifically defined the term "prompt". However, waiting over a year until January 2023 to raise issues from a deposition held in October 2021 does not fit within its general meaning. As defined by the Merriam-Webster dictionary, "prompt" means "being ready and quick to act as occasion demands" or "performed readily or immediately". *See* Prompt Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/prompt. A survey of case law supports these meanings. *See, e.g., Morrison-Knudsen Const. Co. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 461 U.S. 624, 636–37, 103 S. Ct. 2045, 2052 (1983) (noting the goal of providing "prompt compensation" to injured workers and their survivors consisted of more than 95% immediate compensation); *Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 69 (2d Cir. 2022) ("Although it is true that 'promptly' was not further defined by the contract, that term is well understood to mean 'without delay,' 'immediately,' or 'at once.'") (quoting Oxford English Dictionary (3d ed. 2007 online version); *Smither v. Am. Fam. Mut. Ins. Co.*, No. 121CV00947RMRSTV, 2023 WL 1801404, at *6 (D. Colo. Feb. 7, 2023) (finding the insureds' claim made 295 days after an accident did not constitute "prompt notice"); *Browning v. Am. Fam. Mut. Ins. Co.*, No. 08-CV-02317MSK-BNB, 2008 WL 5352064, at *1 (D. Colo. Dec. 17,

2008), aff'd, 396 F. App'x 496, 2010 WL 3667116 (10th Cir. 2010) ("The term "prompt" is "customarily defined as 'being ready and quick to act as occasion demands,' and 'performed readily or immediately.'") (quoting Merriam–Webster's Collegiate Dictionary, 10th Ed. (2001)). Plaintiffs' motion is untimely, and Plaintiffs fail to offer any explanation for its untimeliness. Thus, it fails to comply with the Local Rules it is denied.

In addition, the court has reviewed the deposition excerpts provided by the parties. While Schanz did not answer every question and did defer to others at times, his answers did not rise to the level of "sandbagging" as alleged by Plaintiffs. For example, Schanz repeatedly testified about Defendants email retention policy, how a consultant helped create the policy of destruction after 30 days, and who helped implement it. Overall, the court is not persuaded that his answers warrant another deposition or another Rule 30(b)(6) witness.

## ORDER

Plaintiffs' motion is DENIED.

DATED this 7 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge