IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHADRACH ENNIS, NICOLAAS VANLEEUWEN, and TERRANCE JESCLARD, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; ADAM SCHANZ, an individual; ADAM CHRISTIAN, an individual; KYLE DEMORDAUNT, an individual; DANE MCCARTNEY, an individual; and DOES I–X,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-512 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

  Defendants move the court to extend the fact discovery deadline for the limited purpose of discovery related to counterclaims. (ECF No. 228.) Defendants seek an extension of 90 days following the court's ruling on Plaintiff's pending motion to dismiss counterclaims. The court will grant the motion.

  On September 9, 2021, Plaintiffs filed their third amended complaint in this matter and approximately three weeks later, Defendants filed their answer along with counterclaims against Plaintiffs. (ECF No. 164.) Plaintiffs then moved to dismiss those counterclaims. (ECF No. 167.) The court has heard oral argument on Plaintiffs' Motion to Dismiss, but to date, has not yet entered a decision.

  Defendants request the court extend discovery on these counterclaims under Rule 16. According to Defendants, doing so is well within the discretion of the court, and Defendants

argue good cause exists because Plaintiffs have yet to answer the counterclaims, so the exact scope of discovery is unknown. Moving forward on the discovery would be inefficient, ineffective, and potentially costly if some of the counterclaims are dismissed. Plaintiffs oppose Defendants' motion arguing there has been ample time for them to already conduct discovery while awaiting the court's decision.

     The question before the court, whether to extend discovery until the court renders a decision on the motion to dismiss, is akin to a question that arises more often, should the court stay discovery pending determination of a motion to dismiss a complaint. The Tenth Circuit has noted a district court's discretion to stay discovery pending the outcome of a dispositive motion. *See, e.g., Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797, 2013 WL 791619 (10th Cir. 2013) (holding district court did not abuse it discretion in staying discovery pending its determination of the motion to dismiss the complaint). District courts in this circuit have followed suit in staying discovery from time to time pending the resolution of a motion to dismiss. *See, e.g., Blixseth v. Cushman & Wakefield of Colorado, Inc.*, No. 12-CV-00393-PAB-KLM, 2012 WL 3962800, at *3 (D. Colo. Sept. 11, 2012) (extending the stay of discovery pending resolution of a motion to dismiss); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 1743439, at *2 (D. Kan. Apr. 14, 2008) (staying discovery to prevent any waste of the parties' resources).

     Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Golden v. Mentor Cap., Inc.*, No. 2:15-CV-00176-JNP, 2017 WL 5151350, at *2 (D. Utah Nov. 3, 2017) (quotations and citation omitted). Defendants bring this motion approximately nine month following oral argument. The better practice would have been for Defendants to bring this motion earlier. Yet, the court does

not fault Defendants for waiting to receive the court's ruling before beginning in earnest to conduct discovery on its counterclaims. On the entirety of the record, the court is persuaded that extending discovery on Defendants' counterclaims will save the parties' resources. As such it is proper to grant the motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Extend Fact Discovery Deadline regarding counterclaims is GRANTED. The deadline is extended until 90 days after the court enters its ruling on Plaintiffs' Motion to Dismiss those counterclaims.[1] Once the court enters a decision, the parties are ORDERED to meet and confer regarding a workable schedule to complete necessary discovery.

IT IS SO ORDERED.

DATED this 7 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] The court notes that if the motion is granted, further discovery on those counterclaims will be unnecessary.